■ FIORUCCI, INC., Respondent, v CITY OF NEW YORK et al., Defendants, and BERTRAM F. BONNER, Appellant. FIORUCCI, INC., Respondent, v BERTRAM F. BONNER, Appellant. — Order of the Supreme Court, New York County, entered August 14, 1980, insofar as it granted the cross motion of plaintiff for summary judgment to dismiss the counterclaims of defendant Bonner in Action No. 2 of the consolidated action herein, unanimously reversed, on the law, without costs, and the cross motion to dismiss said counterclaims denied. The assertions by Bonner, the sublandlord, that pursuant to paragraph 45 of the sublease plaintiff, the subtenant, was required to indemnify and hold Bonner harmless from any claim for property damage and to maintain comprehensive liability insurance naming Bonner as an insured, are alleged as counterclaims. Those allegations seek, for all practical purposes, to offset plaintiff's claims against Bonner for negligence and rent abatement, in the event and to the extent Bonner may be liable to plaintiff on those claims. In the context of this consolidated action, such allegations are more in the nature of affirmative defenses than counterclaims. Whether counterclaims or affirmative defenses, Bonner's allegations are legally sufficient and present factual issues precluding summary judgment. Concur — Kupferman, J.P., Birns, Sandler and Bloom, JJ.

■ ELSIE FORD, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. — Judgment, Supreme Court, New York County, entered on February 29, 1980, unanimously reversed, on the law and the facts, and a new trial ordered on the issue of damages only, without costs and without disbursements, unless the plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $500,000 and to entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Birns, J.P., Carro, Markewich, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS MOLINA, Appellant. — Judgment, Supreme Court, New York County, rendered on June 15, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Birns, J.P., Sandler, Ross and Bloom, JJ.

■ GUSS HARDEMAN v MENDON LEASING CORP. et al. — Motion to stay all proceedings, in particular the trial, denied without prejudice to an application to the Trial Judge for a physical examination into conditions which could not have been determined prior to filing the statement of readiness (*Andresen v Waller Constr. Corp.,* 28 AD2d 982) or examination by an impartial medical expert pursuant to New York and Bronx Supreme Court Rule 660.11 *(l)* (22 NYCRR 660.11 *[l]).* Concur — Murphy, P.J., Kupferman, Sandler and Markewich, JJ.